UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALANN R.I. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SANFORD, et al.,<br><br>Defendants. | Case No.  26-cv-01404-VC<br><br><br>**ORDER OF DISMISSAL** |

Kalann Johnson, a detainee at the San Francisco jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A. For the reasons identified below, the complaint is dismissed.

## DISCUSSION

### a.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### b.    Johnson's Allegations

Johnson names Captain Sanford, the San Francisco Sheriff Organization, and JP Morgan Bank as defendants and alleges that she was released from the Sheriff's custody on August 28, 2025 with 24 inmate trust account checks for $500 each. She alleges that 14 checks were stolen and she requested that the stolen checks be voided and that the Sheriff's Office and JP Morgan launch an investigation. A deputy directed Johnson to the City Hall Supervisor, who told her that Captain Sanford was assigned to investigate the case. Johnson did not hear from Captain Sanford. She has not been reimbursed. She alleges she has been discriminated against as a transwoman. She seeks damages for mental anguish, stable housing, and a 2025 mini Lincoln navigator.

Johnson does not state a constitutional claim. She has not pleaded any facts that would suggest unconstitutional discrimination. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981).

### CONCLUSION

The case is dismissed for failure to state a claim upon which relief may be granted.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 20, 2026

_____
VINCE CHHABRIA
United States District Judge